OPINION. Hill, Judge: The Commissioner included in petitioner’s taxable income as additional compensation the amount of $43,934.62 paid by the May McEwen Kaiser Co. to the Security National Bank of Greensboro, trustee under the agreement of November 27, 1941. The petitioner does not rely upon section 165 of the Internal Revenue Code. His first contention is that, where a right to receive a designated salary is waived or rescinded for a valid consideration, the unpaid portions of such salary, although due at the time of the rescission, are not income to the employee, since such salary was never received by or made available to him. It is stated that petitioner owned a controlling interest in the McEwen Knitting Co., but that after the merger he became a minority shareholder in the surviving company, in which the May families owned approximately a 40 percent stock interest; that petitioner’s employment was for a year and his position with the surviving company, by comparison with his former position in the hosiery industry, was indeed insecure; and that, therefore, to gain the security of a three-year contract of employment he waived his rights under the one-year contract of employment to receive 7½ percent of the net earnings over and above $450,000, by accepting in cash only 2½ percent of süch earnings. The petitioner concedes that 5 percent of such earnings were transferred in trust in 1941, but argues that the contingencies which would authorize the trustee to make payments of the fund to the petitioner not only did not but could not take place in 1941. The petitioner’s second argument is that he neither personally nor constructively received the amount of $43,934.62 in 1941. The first argument is untenable. The employment contract of November 27,1941, did not change the rate of salary or bonus payable to petitioner from that fixed by the board of directors at the special meeting of August 15,1940, and the regular meeting of November 15, 1940. That petitioner’s position was insecure is refuted by the statements in the November 27,1941, contract itself. It specifically states that petitioner “is recognized as a leader in the hosiery industry and is a most valuable officer and employee of the Company and the Company was and is anxious to assure the continuation of his'services as such, as a loss of his services would cause irreparable injury to the Company and to its subsidiaries”, and “the Company was and is anxious in its own interest and in the interest of its subsidiaries to take such steps as are reasonable to secure the continuation of McEwen’s services up to and including November 30, 1943.” Stern-Slegman-Prins Co. v. Commissioner, 79 Fed. (2d) 289; Albert W. Russell, 35 B. T. A. 602; Guy Fulton, 11 B. T. A. 641; and H. C. Couch, 1 B. T. A. 103, cited by the petitioner, are not applicable, because distinguishable on the facts. It was held in such cases that compensation for services of officers of corporations for any period is subject to modification either by corporate action or by agreement at any time and from time to time during the taxable year and the amount at which compensation is finally adjusted at the close of the taxable year is the amount which the officer must report as compensation or the corporation may deduct as ordinary and necessary business expense. In each case the employee either did not receive or returned to the employer in the taxable year a portion of his salary previously authorized. Herein, the amount of the compensation agreed upon was not adjusted downward. The company paid the full amount agreed upon and the trust agreement specifically provides: 22. Under no circumstances or conditions whatever shall any part of the trust estate or any income therefrom revert to or in any way inure to the benefit of the Company or any one or more of its subsidiaries. In our view the petitioner waived nothing whatever, in obtaining the two contracts of November 27, 1941. That the $43,934.62 paid by the company in 1941 to the trustee bank was intended and paid as a part of the compensation which the company agreed to pay for the services rendered to it or its subsidiaries by the petitioner during the fiscal year ended November 30, 1941, is manifested by the contract and trust agreement of November 27, 1941. In Commissioner v. Smith, 324 U. S. 177, it is stated: Section 22 -(-a) of the Revenue Act is broad enough to include in taxable income any economic or financial benefit conferred on the employee as compensation, whatever the form or mode by which it is effected. See Old Colony Trust Co. v. Commissioner, 279 U. S. 716, 729. * * * The petitioner testified that the contract of November 27, 1941, and the trust arrangement therein provided were suggested by him to the officers of the company. The payment of 5 percent of the net earnings over and above $450,000 of the company to the trustee was made in effect at his request and direction. Hence his failure to personally receive that amount was due entirely to his own volition. The payment of such amount to the trustee to be invested and preserved for the benefit of petitioner or his family is clearly an “economic or financial. benefit conferred on the employee as compensation.” The “form or mode by which it is effected” was at the outset determined by the petitioner, since the establishment of the trust and payment of a part of his compensation thereto were first suggested by him. While there are some factual differences between this case and Hubbell v. Commissioner, 150 Fed. (2d) 516, affirming 3 T. C. 626; Oberwinder v. Commissioner, 147 Fed. (2d) 255; Richard R. Deupree, 1 T. C. 113; and Renton K. Brodie, 1 T. C. 275, in our opinion, the principle of such cases is applicable herein. Whether the employee or a trustee is given the possession of an annuity contract is not determinative of the issue whether the premium paid therefor is income to the employee under section 22 (a). The question is, was “any economic or financial benefit conferred on the employee as compensation” in the taxable year ? If it was, then the form or mode by which such benefit is effected is not important. The amount of $43,934.62 was unconditionally, and pursuant to the request of petitioner, paid in the taxable year 1941 to the trustee for the benefit of petitioner or his family, and such fund, or the economic or financial benefit flowing therefrom, could not thereafter revert to the employer or be diverted or used for any other purposes. The petitioner herein was the recipient in 1941 of an economic benefit just as much as was the taxpayer in Old Colony Trust Co. v. Commissioner, 279 U. S. 716, wherein, as additional compensation, the employer paid income taxes assessed against his employee; and as the taxpayer in Helvering v. Horst, 311 U. S. 112, who detached interest coupons from bonds and delivered them to his son, who later in the year at their maturity was paid the amount thereof; and as the taxpayer in Lucas v. Earl, 281 U. S. 111, wherein the Court stated: * * * There is no doubt that the statute could tax salaries to those who earned them and provide that the tax could not be escaped by anticipatory arrangements and contracts however skillfully devised to prevent the salary when paid from vesting even for a second in the man who earned it. * * * Adolph Zukor, 33 B. T. A. 324, cited by the petitioner, is distinguishable on the facts. Under the agreement in that case the trustee bank was to hold a certain percentage of the net earnings of the corporate employer delivered to it in cash or stock in a particular year “until December 31, two years subsequent to the expiration of such calendar year,” which was then payable to the employee “unless prior to such December 31” a statement was filed with the bank that the employee had not performed his obligations. In no year was payment made by the trustee until after the beginning of the following year. It was held that additional compensation for 1929 paid to the trustee in 1930, and by it to the employee in 1932, was, under the circumstances, not constructively received by the employee in 1931 and hence was not income to him in that year. It is our conclusion that the $43,934.62 paid to the Security National Bank of Greensboro by the May McEwen Kaiser Co. in 1941 as compensation for services rendered to it or its subsidiaries by the petitioner was income taxable to him under section 22 (a)*. Decision will be entered for the respondent.