E. T. SPROULL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 25497. Promulgated January 30, 1951.

*Lewis L. Guarnieri, Esq.*, for the petitioner.
*William R. Bagby, Esq.*, for the respondent.

OPINION.

TIETJENS, *Judge:* The Commissioner included in petitioner's 1945 taxable income as bonus income the sum of $10,500 paid by Brainard Steel Corporation to the Union Savings and Trust Company of Warren, Ohio, trustee under the agreement of December 26, 1945.

Petitioner contends the respondent taxed him in the wrong year and that instead of being taxable on the full $10,500 in 1945 he was properly taxable in 1946 and 1947 on the amounts paid him by the trustee in those years.

Neither the stipulated facts nor the oral testimony establish whether petitioner made his returns on a cash basis. However, since that is the most common method of reporting income and since the trial apparently proceeded on that basis we assume the cash method was used.

Superficially the issue looks simple. Petitioner actually received no cash until the years 1946 and 1947. Why, then, should he be taxed in 1945? And what was the basis for respondent's action in so doing?

A possible basis is the application of the doctrine of constructive receipt and petitioner in his main argument assumes that to be the fact. He sets out to demonstrate the doctrine's inapplicability, pointing out (1) that although the sum was fixed and paid by his employer as compensation for services, he actually received no part of the money in 1945; (2) that he could not have reduced any part of the money to possession in that year because of the time limitations on payment to him set in the trust instrument, and (3) that he had no control of the corporate action in establishing the trust, nor was such action taken at his suggestion or pursuant to his direction.

This Court has rather fully discussed the doctrine of constructive receipt in *Richard R. Deupree*, 1 T. C. 113, and *J. D. Amend*, 13 T. C. 178. Although it be conceded that if we apply the tests described in those cases to the situation here we must agree with petitioner's argument that this is not a true case for application of the doctrine, agree-

ing with petitioner on that point does not dispose of the case. Respondent argues that if constructive receipt does not apply, then the doctrine of cash equivalent does. He cites the broad language of section 22 (a) of the Internal Revenue Code which reads, in part, as follows:

SEC. 22. GROSS INCOME.

(a) GENERAL DEFINITION.—"Gross Income" includes gains, profits, and income derived from salaries, wages, or compensation for personal service (including personal service as an officer or employee of a State, or any political subdivision thereof, or any agency or instrumentality of any one or more of the foregoing), of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, * * *.

Reliance is placed on *Renton K. Brodie*, 1 T. C. 275, and *J. H. McEwen*, 6 T. C. 1018. We paraphrase the language used in *Brodie, supra*. Even if the doctrine of constructive receipt as it is commonly understood cannot here be correctly applied, it is undoubtedly true that the amount which the Commissioner has included in petitioner's income for 1945 was used in that year for his benefit, albeit not at his direction, in setting up the trust of which petitioner, or, in the event of his death then his estate, was the sole beneficiary and that the whole arrangement was part of a plan for his additional remuneration.

The question then becomes, as in *McEwen, supra*, was "any economic or financial benefit conferred on the employee as compensation" in the taxable year. If so, it was taxable to him in that year. This question we must answer in the affirmative. The employer's part of the transaction terminated in 1945. It was then that the amount of the compensation was fixed at $10,500 and irrevocably paid out for petitioner's sole benefit. While this factor alone is not controlling, it does serve to distinguish this case from those in which the exact amount of compensation is subject to some future contingency or subject to the possibility of return to the employer. See Mertens, Law of Federal Income Taxation, Volume 2, Sections 10.13, 12.42, and 12.44.

It is true, as petitioner argues in trying to pull free from *Brodie* and *McEwen, supra*, that the arrangement gave petitioner only an equitable interest in the trust fund and that he had no vested interest in an annuity contract delivered into his possession as in *Brodie, supra*. But, that does not determine the issue whether the establishment of a trust such as was here established does not itself constitute taxable income to petitioner. This is especially true when it is considered that one of the arguments of petitioner in *Brodie, supra*, was that the annuity had no cash value and could not be assigned. Yet we held the amount expended for the annuity in *Brodie* taxable in the year expended. We think the case at hand is a stronger one for taxability than *Brodie*. Here, we think it must be held that the expenditure of the $10,500 in setting up the trust conferred an economic or financial

benefit on petitioner properly taxable to him in 1945. The fund was ascertained and paid over by petitioner's employer for his benefit in that year. Petitioner had to do nothing further to earn it or establish his rights therein. The only duties of the trustee were to hold, invest, accumulate, and very shortly pay over the fund and its increase to petitioner or his estate in the event of his prior death. No one else had any interest in or control over the monies. The trust agreement contained no restriction whatever on petitioner's right to assign or otherwise dispose of the interest thus created in him. On the facts here there is no doubt that such an interest had a value equivalent to the amount paid over for his benefit, and that this beneficial interest could have been assigned or otherwise alienated requires the citation of only the most general authority. See Bogert, Trusts and Trustees, § 188. Respondent contends that the circumstances of the creation of this interest in petitioner was tantamount to paying over to him the cash in 1945.

Of course, petitioner argues that *Brodie* and *McEwen, supra*, are distinguishable on their facts. They involved annuity contracts purchased with funds furnished by petitioners' employers, in *Brodie* without the petitioner's direction or control but on his signing a written application, and in *McEwen* pursuant to a contract of employment to which petitioner was party. We think those differences are not significant here in view of petitioner's acquisition of a vested valuable interest in the trust fund here in question in the taxable year under consideration.

Reviewed by the Court.

*Decision will be entered for the respondent.*