STEPHEN W. PULSIFER, ET AL.,[1] PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 9359-72, 1604-73, 1605-73.     Filed May 19, 1975.

*Gordon F. Pulsifer* and *Theodora T. Pulsifer,* for the petitioners.

*David W. Johnson,* for the respondent.

HALL, *Judge:* Respondent determined a deficiency of $2,449.41 against each of the three petitioners for 1969. The sole issue for decision is whether petitioners, who were minors in 1969, must include in gross income in 1969 their winnings from the 1969 Irish Hospital Sweepstakes which were deposited with the Irish court.

### FINDINGS OF FACT

All of the facts have been stipulated and are so found.

The petitioners, Stephen W. Pulsifer, Susan M. Pulsifer, and Thomas O. Pulsifer, are brothers and sister who lived in Medford, Mass., when they filed their petitions. They filed their 1969 Federal income tax returns, using a cash receipts and disbursements accounting method, with the Internal Revenue Service Center, Andover, Mass. They are the minor children of Gordon F. Pulsifer and Theodora T. Pulsifer of Medford, Mass., who together are petitioners' counsel herein.

Mr. Pulsifer acquired an Irish Hospital Sweepstakes ticket in his name and the names of his three minor children. On March

---

[1] Cases of the following petitioners are consolidated herewith: Susan M. Pulsifer, docket No. 1604-73; and Thomas O. Pulsifer, docket No. 1605-73.

21, 1969, he and petitioners received a telegram from the Hospital Trust advising them that their ticket would be represented by Saratoga Skiddy, a horse which would run on their behalf in the Lincolnshire Handicap. Saratoga Skiddy placed second, winning $48,000.

When he applied for the winnings, Mr. Pulsifer was advised that three-fourths of the amount would not be released to him because the ticket stub reflected three minor coowners. He was further advised that, pursuant to Irish law, the withheld portion together with interest earned to date would be deposited with the Bank of Ireland at interest to the account of the Accountant of the Courts of Justice for the benefit of each of the petitioners. The money would not be released until petitioners reached 21 or until application on their behalf was made by an appropriate party to the Irish court for release of the funds. Mr. Pulsifer was sent his share of the prize.

The amounts paid over and credited to each of the petitioners were principal of $11,925 plus interest of $250.03, or $12,175.03. Mr. Pulsifer, as petitioners' next friend and legal guardian, has since filed for release of those funds, and he has an absolute right to obtain them.[2]

OPINION

Both parties agree the prize money is income to the petitioners. The only question is in what year must it be included in income. Petitioners contend that they should not be required to recognize the Irish Hospital Sweepstakes winnings held for them by the Irish court in 1969. They reason that neither the constructive-receipt nor the economic-benefit doctrines apply, and that all they had in 1969 was a nonassignable chose in action. Respondent argues that the economic-benefit doctrine applies, thereby dictating recognition of the prize money in 1969. See Rev. Rul. 67-203, 1967-1 C.B. 105. We agree with respondent.

Under the economic-benefit theory, an individual on the cash receipts and disbursements method of accounting is currently taxable on the economic and financial benefit derived from the absolute right to income in the form of a fund which has been irrevocably set aside for him in trust and is beyond the reach of the payor's debtors. *E. T. Sproull*, 16 T.C. 244 (1951), affd. per

---

[2] The record does not disclose whether he had already received the funds at the time of trial.

curiam 194 F. 2d 541 (6th Cir. 1952). Petitioners had an absolute, nonforfeitable right to their winnings on deposit with the Irish court. The money had been irrevocably set aside for their sole benefit. All that was needed to receive the money was for their legal representative to apply for the funds, which he forthwith did. See *Orlando v. Earl of Fingall,* Irish Reports 281 (1940). We agree with respondent that this case falls within the legal analysis set out in *E. T. Sproull, supra.*

In the *Sproull* case the employer-corporation unilaterally and irrevocably transferred $10,500 into a trust in 1945 for taxpayer's sole benefit in consideration for prior services. In 1946 and 1947, pursuant to the trust document, the corpus was paid in its entirety to taxpayer. In the event of his death the funds were to have been paid to his administrator, executor, or heirs. The Court held that the entire $10,500 was taxable in 1945 because Sproull derived an economic benefit from it in 1945. The employer had made an irrevocable transfer to the trust, relinquishing all control. Sproull was given an absolute right to the funds which were to be applied for his sole benefit. The funds were beyond the reach of the employer's creditors. Sproull's right to those funds was not contingent, and the trust agreement did not contain any restrictions on his right to assign or otherwise dispose of that interest.

The record does not show whether the right to the funds held by the Bank of Ireland was assignable. Petitioner claims they were not, but cites no authority for his position. However, the result is the same whether or not the right to the funds is assignable. See *Renton K. Brodie,* 1 T.C. 275 (1942) (deferred annuity contract held currently taxable even though nonassignable and without surrender value).

In order to reflect our conclusion,

*Decisions will be entered for the respondent.*