Ralph H. MINOR and Jackie C. Minor,
Plaintiffs-Appellees,

v.

UNITED STATES of America,
Defendant-Appellant.

No. 84–3888.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 7, 1985.

Decided Oct. 3, 1985.

Robert Moch, Seattle, Wash., for plaintiffs-appellees.

Gary R. Allen, Michael J. Roch, Dept. of Justice, Washington, D.C., for defendant-appellant.

Before GOODWIN, SCHROEDER and BEEZER, Circuit Judges.

GOODWIN, Circuit Judge.

The government appeals a tax refund judgment holding that contributions to a

deferred compensation plan are not currently taxable. We affirm.

Ralph H. Minor is a physician practicing in Snohomish County, Washington. In 1959, he entered into an agreement with the Snohomish County Physicians Corporation (Snohomish Physicians) under which he agreed to render medical services to subscribers of Snohomish Physicians' prepaid medical plan in exchange for fees to be paid by Snohomish Physicians according to its fee schedule.

In 1967, Snohomish Physicians adopted a deferred compensation plan for its participating physicians. Under the voluntary plan, a physician who desired deferred compensation entered into a "Supplemental Agreement" in which the physician and Snohomish Physicians agree that for future services the physician would be paid a designated percentage of the fee he or she would receive under the fee schedule if not participating in the plan. The physician could elect any percentage from 10 per cent to 90 per cent. The balance would go into the deferred compensation fund. Minor's agreement with Snohomish Physicians provided that he would be paid 50 per cent of the scheduled fees through November 30, 1971, and 10 per cent thereafter.

To provide for its obligations under the Supplemental Agreement, Snohomish Physicians established a trust. Snohomish Physicians was the settlor, three physicians, including Minor, were trustees, and Snohomish Physicians was the beneficiary. The trustees, pursuant to instructions from Snohomish Physicians, purchased retirement annuity policies to provide for the payment of benefits under the plan. These benefits would become payable to the physician or to his beneficiaries when he or she retires, dies, becomes disabled, or leaves the Snohomish Physicians service area to practice medicine elsewhere. The physician agrees to continue to provide services to Snohomish Physicians patients until the benefits become payable, to limit his or her practice after retirement, to continue to provide certain emergency and consulting services at Snohomish Physicians's request, and to refrain from providing medical services to competing groups.

On his federal income tax returns for 1970, 1971, and 1973, Minor included in gross income only the 10 per cent of the scheduled fees which he actually received. The remaining 90 per cent, which Minor did not receive, went into the deferred compensation plan trust.

The IRS argues that Minor should have included in his gross income that portion of the fees Snohomish Physicians placed in trust for his future benefit. The IRS relies on the economic benefit doctrine, which is an exception to the well-settled rule that a taxpayer pays income tax only on income which is actually or constructively received by him. In this case, Minor did not actually receive the income the IRS attributes to him nor, the IRS has conceded, did he constructively receive the income. The IRS argues, however, that the economic benefit doctrine applies here because an economic benefit was presently conferred on Minor, although he did not receive and had no right to receive the deferred compensation benefits during the tax year.

Minor argues that the participants in the deferred compensation plan have no right to compel Snohomish Physicians to execute the trust agreement, or even to cause it to be created, implemented or continued. The participants have no right, title or interest in the trust agreement or any asset held by the trust. He argues that his right to receive payments of currently earned compensation in the future is contingent, and therefore does not vest any interest in him.

Recent cases from a number of courts provide useful guidelines for determining when a taxpayer is entitled to defer his tax obligations by participating in a deferred compensation plan. The cases fall into two general groups.

(1) *Constructive Receipt.* The constructive receipt doctrine holds that income, although not actually reduced to the taxpayer's possession, is constructively received by the taxpayer during any year in which it is credited to his account or otherwise set apart so that it is available to him without "substantial limitations or restrictions." 26 C.F.R. § 1.451–2(a) (1985). *See* 26

U.S.C. § 451(a) (1982). If a corporation merely credits funds to an employee on its books but does not make those funds available to the employees, there has been no constructive receipt. 26 C.F.R. § 1.451–2(a). Similarly, an employer's mere promise to pay funds, not represented by notes or otherwise secured, cannot constitute constructive receipt by the employee to whom the promise is made. Rev.Rul. 60–31, 1960–1 C.B. 174, 177.

The IRS has conceded that Minor did not constructively receive the proceeds of Snohomish Physicians' deferred compensation plan. Because the IRS has acknowledged that the doctrine does not apply, we need not decide whether, under the constructive-receipt doctrine, Snohomish Physicians' promise to pay deferred compensation is anything more than a "naked, unsecured promised to pay compensation in the future." *Goldsmith v. United States*, 586 F.2d 810, 816, 218 Ct.Cl. 387 (1978).

(2) *Economic Benefit.* Although taxation of deferred compensation plans is generally analyzed under the constructive receipt doctrine, *see Goldsmith*, 586 F.2d at 815–20, the economic benefit doctrine provides an alternate method of determining when a taxpayer receives taxable benefits. Under that doctrine, an employer's promise to pay deferred compensation in the future may itself constitute a taxable economic benefit if the current value of the employer's promise can be given an appraised value. McDonald, *Deferred Compensation: Conceptual Astigmatism*, 24 Tax L.Rev. 201, 204 (1969). The concept of economic benefit is quite different from that of constructive receipt because the taxpayer must actually receive the property or currently receive evidence of a future right to property. Metzer, *Constructive Receipt, Economic Benefit and Assignment of Income: A Case Study in Deferred Compensation*, 29 Tax L.Rev. 525, 551 (1974).

■ The economic benefit doctrine is applicable only if the employer's promise is capable of valuation. *Goldsmith*, 586 F.2d at 820. A current economic benefit is capable of valuation where the employer makes a contribution to an employee's deferred compensation plan which is nonforfeitable, fully vested in the employee and secured against the employer's creditors by a trust arrangement. *See* Rev.Rul. 60–31, 1960–1 C.B. at 179.

■ In cases where courts or the IRS have found a current economic benefit to have been conferred, the employer's contribution has always been secured or the employee's interest has been nonforfeitable.[1] *See United States v. Basye*, 410 U.S. 441, 445–46, 93 S.Ct. 1080, 1083–84, 35 L.Ed.2d 412 (1973) (because trust was established, partnership's interest was nonforfeitable even though individual partner's share of the trust monies was not capable of valuation); *Goldsmith*, 586 F.2d at 821 (life insurance benefits were a nonforfeitable current economic benefit although other unsecured elements of deferred compensation plan did not constitute currently taxable economic benefit); *Reed v. Commissioner*, 723 F.2d 138, 147 (1st Cir.1983) (economic benefit for a cash basis taxpayer requires that taxpayer's contractual right to future payment be evidenced by an instrument which is not only nonforfeitable but also readily assignable); *United States v. Drescher*, 179 F.2d 863, 865 (2d Cir.) (nonassignable annuity confers an economic benefit because annuity was nonforfeit-

---

1. The government's reliance on Rev.Rul. 69–50, 1969–1 C.B. 140 and Rev.Rul. 77–420, 1977–2 C.B. 172 is misplaced. Those rulings did involve fact patterns very similar to the instant case. However, those rulings concluded that the physician had effectively obtained the income because his right to immediate compensation emanated from the medical services rendered to patients, independent of his voluntary agreement with the corporation to defer a percentage of payments otherwise due for those services. Rev.Rul. 69–50, 1969–1 C.B. at 140; Rev.Rul. 77–420, 1977–2 C.B. at 173. The essence of those rulings was that the physician had constructively received the income before assigning it to the deferred compensation program. *See also Llewellyn v. Commissioner*, 295 F.2d 649, 651 (7th Cir.1961). As the government has conceded the issue of constructive receipt of income, those rulings are not on point. The only issue before us is whether the deferred compensation plan resulted in a current economic benefit to Dr. Minor.

able), *cert. denied*, 340 U.S. 821, 71 S.Ct. 53, 95 L.Ed. 603 (1950); *McEwen v. Commissioner*, 6 T.C. 1018, 1026 (1946) (deferred compensation secured by trust in which employee was the beneficiary). If the employee's interest is unsecured or not otherwise protected from the employer's creditors, the employee's interest is not taxable property, *see* 26 C.F.R. § 1.83–3(e) (1985), so the forfeitability of the employee's interest is irrelevant.

Superficially, the Snohomish Physicians' deferred compensation plan establishes a trust arrangement which protects the plan against Snohomish Physicians' creditors but also establishes conditions upon Minor's receipt of the deferred compensation which makes his benefits forfeitable. We examine separately the trust arrangement and risk of forfeiture.

*Trust Arrangement.* Neither Minor nor any other participants in the deferred compensation plan has any right, title or interest in the trust which holds the annuity contract. The trust, which was established to hold the assets of the deferred compensation plan, was not established pursuant to Minor's Supplemental Agreement, but was created at the initiative of Snohomish Physicians which is both the settlor and beneficiary of the trust. Although Minor incidentally benefits from the trust, he is not a beneficiary. *See Restatement (Second) of Trusts* § 126 (1959). Because Snohomish Physicians has not established any trust in favor of Minor or the other participants, the assets of the trust remain solely those of Snohomish Physicians and subject to the claims of its general creditors. *See* Wash.Rev.Code § 19.36.020 (1983); *Restatement (Second) of Trusts* §§ 156(1), 147.

 Minor has pointed out several provisions of the trust agreement which show that the participating physicians had no vested, funded right to the assets of the trust. The IRS in response has cited *Sproull v. Commissioner*, 16 T.C. 244 (1951), *aff'd*, 194 F.2d 541 (6th Cir.1952), in which a corporation paid over to a trustee compensation for past services rendered by petitioner. The trustee was directed to

hold, invest, and pay over this sum to petitioner or his estate in two installments. The Tax Court held the entire trust fund was income to the petitioner in the year it was paid to the trustee. In *Sproull*, the settlor of the trust was the corporation and the beneficiary was the petitioner or his estate. The petitioner exercised substantial control over the money because he could assign or otherwise alienate the trust, had standing to bring an action against the trustee, if needed, and other powers under the trust. *See id.* at 247–48. In this case Snohomish Physicians is both the settlor and the beneficiary of the trust. Minor's only involvement is as one of the trustees. Because Snohomish Physicians' trust was not established in favor of Minor or the other plan participants, the deferred compensation plan is unfunded. Unfunded plans do not confer a present taxable economic benefit. *See* Rev.Rul. 60–31, 1960–1 C.B. at 179–80; *Goldsmith*, 586 F.2d at 820–21.

*Risk of Forfeiture.* Minor's receipt of benefits under the deferred compensation plan is contingent upon his agreement to limit his practice after retirement to consulting services and to refrain from competing with Snohomish Physicians if he leaves its practice. The district court found that this restriction subjected Minor's benefits to a risk of forfeiture. The Code requires a taxpayer to include in his gross income any property transferred in connection with the performance of services unless the taxpayer's rights in such property are subject to a "substantial risk of forfeiture." 26 U.S.C. § 83(a) (1982). The district court did not enter a finding on the substantiality of the risk that Minor's benefits could be forfeited. *See* 26 U.S.C. § 83(c)(1) (1982).

If a recipient must perform or refrain from performing further acts as a condition to payment of benefits, the recipient's rights are regarded as forfeitable. *See Burnetta v. Commissioner*, 68 T.C. 387, 404–05 (1977); Knight, *Income Tax Consequences of Nonqualified Deferred Compensation*, 21 Tax Lawyer 163, 165 (1967). If Minor's Supplemental Agreement requires him to perform substantial post-re-

tirement services or imposes substantial conditions upon his receipt of benefits, the economic benefit doctrine is inapplicable. *See* 26 U.S.C. § 83(c)(1) (1982); *Richardson v. Commissioner,* 64 T.C. 621, 629–31 (1975).

 From the record before us, we are unable to determine whether the restrictions on Minor's receipt of benefits satisfy the substantiality requirement of § 83. We need not, however, invade the province of the trial court by inferring either substantiality or insubstantiality. We conclude that the deferred compensation plan is unsecured from Snohomish Physicians' creditors and therefore incapable of valuation. Thus, Minor's benefits do not constitute property under 26 U.S.C. § 83 (1982) and 26 C.F.R. § 1.83–3 (1982).

While Minor's deferred compensation plan severely stretches the limits of a nonqualified deferred compensation plan, we conclude that the Snohomish Physicians' plan is an unfunded, unsecured plan subject to a risk of forfeiture. We need not examine the substantiality of that risk.

Affirmed.