JOSEPH M. ZORC AND CATALINA BARON ZORC, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Zorc v. Commissioner
Docket No. 21971-88
United States Tax Court
T.C. Memo 1990-620; 1990 Tax Ct. Memo LEXIS 696; 60 T.C.M. (CCH) 1399; T.C.M. (RIA) 90620; December 10, 1990, Filed *696 Decision will be entered under Rule 155. Joseph M. Zorc, pro se. Janel Hill, for the respondent. BUCKLEY, Special Trial Judge. BUCKLEY
*2019 MEMORANDUM OPINION This case was assigned pursuant to the provisions of section 7443A(b) and Rule 180 et seq. [1] Respondent determined a deficiency *697 in petitioners' 1985 Federal income tax in the amount of $ 1,373. Respondent's determination resulted from the inclusion in income of $ 3,600 for a tuition prize won in a raffle by petitioners. After concessions, [2] the sole issue for decision is whether petitioners must recognize all or any part of the free tuition won in a raffle as income in 1985. Petitioners apparently also question the jurisdiction of this Court to decide this matter. To the extent stipulated, the facts are so found. Petitioners resided in Washington, D.C., when they filed their petition herein. *698 Petitioners have six children. Their daughter, Anne B. Zorc (hereafter daughter), attended Georgetown Visitation Preparatory School (hereafter Georgetown Visitation). On February 23, 1985, petitioners executed a reservation agreement with Georgetown Visitation to enroll their daughter for the academic year 1985-1986, her senior year. The reservation agreement set forth the required 1985-1986 tuition payment schedule totaling $ 3,600 plus graduation fee as follows: Due on or Before
Amount
First Tuition Payment
March 15, 1985
$   300
(Reservation Deposit)
Second Tuition Payment
August 15, 1985
1,800
Third Tuition Payment
January 15, 1986
1,500
Graduation Fee
January 15, 1986
40
(Seniors Only)
Under the reservation agreement, Georgetown Visitation had the right to deny the student permission to register, attend classes, or participate in graduation exercises if petitioners did not comply with the tuition payment schedule. Further, if the second and third tuition payments were not received in full by September 6, 1985, and February 1, 1986, respectively, they would be considered late and late payment fees would be added. On March 4, 1985, Mrs. *699 Zorc wrote a check to Georgetown Visitation for $ 300 which the school received on March 7, 1985. Georgetown Visitation executed the reservation agreement on May 31, 1985, but it was not mailed to petitioners until August 30. In the meantime, on April 15, 1985, petitioners purchased a raffle ticket for $ 100 for a Georgetown Visitation parents' club raffle. The prize was free tuition for the 1985-1986 academic year. A friend informally advised petitioners that they had won the raffle sometime prior to August of 1985. It was only when petitioners received their fully executed copy of the reservation agreement on August 30, 1985, that they formally heard they had won the tuition. Along with the notice was a document indicating that petitioners owed Georgetown Visitation Federal withholding tax of $ 720 relating to their receipt of the prize. Petitioners refused to reimburse the school the alleged Federal withholding tax due and requested a refund of the $ 300 deposit. From September through December of 1985 petitioners and Georgetown Visitation discussed via telephone whether petitioners owed the school $ 720 for the 1985-1986 academic year and whether they were entitled to the *700 $ 300 refund. On January 27, 1986, the school agreed that petitioners did not owe it for Federal withholding. Georgetown Visitation also agreed at that time to refund to petitioners the $ 300 reservation deposit. Petitioners received a refund check dated February 12, 1986, from Georgetown Visitation in the amount of $ 260 (return of $ 300 reservation deposit minus $ 40 graduation fee). By notice of deficiency dated May 26, 1988, respondent included $ 3,600 tuition prize money in petitioners' 1985 income. Thereafter, petitioners filed an amended 1986 return in which they included the full $ 3,600. Petitioners contend that $ 3,600 is includable in their 1986 income. Petitioners argue that they declined or refused the tuition prize money until 1986 at *2020 which time the dispute as to the $ 720 withholding and the $ 300 refund was resolved. Respondent concedes that $ 1,500 of the $ 3,600 is not includable in petitioners' 1985 income. Respondent contends, however, that $ 2,100 is includable in petitioners' 1985 income. Respondent relies on the theory of economic benefit and the doctrine of constructive receipt. Respondent argues that petitioners were not required to pay the $ 1,800 *701 tuition due by August 15, 1985; thus petitioners received the benefit of $ 1,800 of the prize in 1985. Respondent further contends that petitioners were in constructive receipt of the refund of the $ 300 reservation deposit. We agree with petitioner in part and with respondent in part. Except for certain exceptions not herein applicable, gross income includes amounts received as prizes and awards. Sec. 74(a); Sec. 1.74-1(a), Income Tax Regs. Both parties agree that the tuition prize money constitutes income includable in petitioners' gross income. Our question is only the year of includability. We first consider respondent's argument that petitioners were in constructive receipt in 1985 of the refund of the $ 300 deposit which they had paid. A taxpayer must include any amounts of gains, profits, and income in gross income for the taxable year in which actually or constructively received by a taxpayer on the cash receipts and disbursements method of accounting. Sec. *702 451(a); Sec. 1.451-1(a) Income Tax Regs. Petitioners were on the cash basis. Actual receipt is income reduced to a taxpayer's possession. Constructive receipt is income credited to a taxpayer's account, set apart for him, or otherwise made available so that he may draw upon it or could draw upon it pursuant to notice of intention. Sec. 1.451-2(a), Income Tax Regs. However, income is not constructively received if the taxpayer's control of its receipt is subject to substantial limitations or restrictions. Sec. 1.451-2(a), Income Tax Regs. The facts are clear that the school was contesting petitioners' right to a refund of this deposit during all of 1985, and accordingly, we hold that petitioners were not in receipt of $ 300 of the prize money during 1985 since the dispute was not settled until 1986 at which time the school made the refund. Petitioners obviously had no control over the timing of when the school would make the refund. *703 Unlike the doctrine of constructive receipt, the theory of economic benefit states that a taxpayer must recognize income in the taxable year in which any economic or financial benefit is conferred. Anastasio v. Commissioner, 67 T.C. 814 (1977), affd. without published opinion 573 F.2d 1287 (2d Cir. 1977); E. T. Sproull v. Commissioner, 16 T.C. 244 (1951), affd. 194 F.2d 541 (6th Cir. 1952). It is well settled that a pending dispute postpones taxation of income until the dispute is resolved. North American Oil Consolidated v. Burnet, 286 U.S. 417 (1932). Petitioners argue that they declined the receipt of the tuition prize until the dispute about withholding was resolved in 1986, citing Teschner v. Commissioner, 38 T.C. 1003 (1962). Thus, petitioners argue that the full tuition prize allocable to tuition payable in 1985 should be included in 1986. We note, however, that petitioners cite Teschner v. Commissioner, supra, for a proposition which it does not support. In Teschner v. Commissioner, supra , the facts, simply, were that a father *704 entered a contest which precluded him from receiving the prize and required that he designate a person under the age of 17 years and 1 month to receive the prize. He designated his 7 year old daughter. The taxpayer won. The only question was whether the prize money constituted the taxpayer's income for tax purposes. We held that it did not since under the contest rules the taxpayer could not under any circumstances whatsoever receive the income so generated or enjoy the income, himself. The taxpayer in Teschner v. Commissioner, supra, did not decline the prize money. Rather, pursuant to the contest rules, the taxpayer was foreclosed from ever receiving or enjoying the income himself. Thus, petitioners cite Teschner v. Commissioner, supra, for a proposition it does not support. Further, petitioners did not decline any of the tuition prize. They accepted the tuition prize. However, a dispute existed as to some of this prize. Petitioners' proper argument concerns this dispute. We next consider the second tuition payment of $ 1,800 which was due on August 15, 1985. Petitioners did not make this payment; however, they received the benefit *705 of the prize, despite the dispute regarding their obligation for Federal tax withholding, since their daughter continued to attend Georgetown Visitation during this period. We note that under the reservation agreement Georgetown Visitation had the right to deny the daughter permission to register, attend classes, or participate in graduation if the full second tuition payment of $ 1,800 was not made by September 6, 1985. Petitioners received the full economic benefit of the $ 1,800 during 1985 and that amount is includable in their 1985 income. We deal briefly with petitioners' alternative substantive argument. Petitioner Catalina Zorc's mother established trust agreements to fund educational expenses of the children of Catalina Zorc. The trusts had been utilized over the years to provide funds to pay for approximately one-half of the educational costs for petitioners' children, petitioners paying the balance *2021 of such costs. Accordingly, petitioners argue that they received the benefit of only one-half of the tuition award. Petitioners are incorrect. They bore the responsibility for the education of their children, and they in fact were the persons who won the tuition raffle. *706 The fact that the trust funds were not tapped for any portion of the daughter's senior year tuition is simply not relevant to their receipt of the benefit of the tuition. Lastly, petitioners objected under Article I and Article III to the jurisdiction of this Court, particularly complaining that this Court is the only forum under which a taxpayer may contest tax liability without first paying the deficiency. Petitioner argued that this Court and its judges have not conformed with Article I and Article III standards. We informed petitioners that this Court has full jurisdiction over this matter beyond peradventure and that we would give them appropriate citation in that regard. The constitutionality of the Tax Court has been uniformly upheld. Shenker v. Commissioner, 804 F.2d 109, 114 n.6 (8th Cir. 1986), cert. denied 481 U.S. 1068 (1987), citing Knoblauch v. Commissioner, 749 F.2d 200, 202 (5th Cir. 1984), cert. denied 474 U.S. 830 (1985); Sparrow v. Commissioner, 748 F.2d 914, 915 (4th Cir. 1984); Redhouse v. Commissioner, 728 F.2d 1249, 1253 & n.2 (9th Cir. 1984), *707 cert. denied 469 U.S. 1034 (1984); Ginter v. Southern, 611 F.2d 1226, 1229 & n.2 (8th Cir. 1979), cert. denied 446 U.S. 967 (1980); Stix Friedman & Co., Inc. v. Coyle, 467 F.2d 474 (8th Cir. 1972). Petitioners chose this forum. They had the choice to pay the tax, claim a refund, and then sue in the District Court or Claims Court for it. Petitioners also objected to the fact that they bore the burden of proof. Petitioner argues that he has a burden of persuasion and the burden of going forward which he satisfied by reporting the item in 1986. Therefore, petitioner argues that the burden of proof shifts to the government. Petitioner is mistaken. The burden of proof does not "shift." It is axiomatic that petitioner bears the burden of proof, Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a), unless special circumstances exist, such as where the answer raises a new matter, increases the deficiency, or pleads an affirmative defense. Rule 142(a). Such circumstances do not exist here. Thus, the burden of *708 proof is on petitioners. To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code in effect for the taxable year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Respondent conceded that $ 1,500 of tuition prize was not includable in petitioners' 1985 income, and that $ 2 dividend income and $ 10 interest income should not be included in petitioners' 1985 income.↩