**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| In the Matter of: COMUNITY LENDING, INC.,<br><br>    Debtor,<br><br>MAI CHRISTINA PHAM; JANENE TOWNER; PHYLLIS CHRISTRICH; JOHN PHAM; MAI NGUYEN; HUNG PERRY NGUYEN; JOYCE FREEMAN; CHRISTOPHER HAKE; JOHN NELSON; KATHERINE BUCKMEYER; JACK FERGUSON; JEANNE RUPERT; PHYLLIS HEINRICHS,<br><br>    Plaintiffs-counter-claim-defendants - Appellees,<br><br> v.<br><br>SUZANNE L. DECKER, Chapter 7 Bankruptcy Trustee for debtor ComUnity Lending, Inc.,<br><br>    Defendant-counter-claimant - Appellant. | No. 09-15302<br><br>D.C. Nos. 5:08-cv-00201-JW<br>     5:07-cv-05436-JW<br><br>MEMORANDUM[*] |

---

   [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

| In the Matter of: COMUNITY LENDING, INC., Debtor, | No. 09-16191<br><br>D.C. Nos.  5:08-cv-00201-JW<br>5:07-cv-05436-JW |
| --- | --- |

MAI CHRISTINA PHAM; JANENE TOWNER; PHYLLIS CHRISTRICH; JOHN PHAM; MAI NGUYEN; HUNG PERRY NGUYEN; JOYCE FREEMAN; CHRISTOPHER HAKE; JOHN NELSON; KATHERINE BUCKMEYER; JACK FERGUSON; JEANNE RUPERT; PHYLLIS HEINRICHS,

         Plaintiffs-counter-claim-defendants - Appellees,

  v.

SUZANNE L. DECKER, Chapter 7 Bankruptcy Trustee for debtor ComUnity Lending, Inc.,

         Defendant-counter-claimant - Appellant.

Appeal from the United States District Court
for the Northern District of California
James Ware, District Judge, Presiding

Submitted October 6, 2010[**]

---

     [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

San Francisco, California

Before: THOMPSON, FERNANDEZ and SILVERMAN, Circuit Judges.

Suzanne Decker, Chapter 7 Trustee for Debtor ComUnity Lending, Inc., appeals the district court's order entering summary judgment in favor of Plaintiffs, certain participants in a "top hat" plan established by ComUnity Lending. We have jurisdiction under 28 U.S.C. § 1291 and we reverse.

In interpreting a benefit plan under ERISA, "courts should first look to explicit language of the agreement to determine, if possible, the clear intent of the parties." *Gilliam v. Nev. Power Co.*, 488 F.3d 1189, 1194 (9th Cir. 2007) (quoting *Richardson v. Pension Plan of Bethlehem Steel Corp.*, 112 F.3d 982, 985 (9th Cir. 1997)). There can be no doubt that the plan at issue was intended to be a top hat plan. Article 10.2 of the plan states that it "was designed and intended to be a Top-Hat plan." ERISA "defines a top hat plan as one 'which is unfunded and is maintained by an employer primarily for the purpose of providing deferred compensation for a select group of management or highly compensated employees.'" *Id.* at 1192-93 (quoting 29 U.S.C. §§ 1051(2), 1081(a)(3), 1101(a)(1)).

"Unfunded plans do not confer a present taxable economic benefit." *Minor v. United States*, 772 F.2d 1472, 1475 (9th Cir. 1985). Therefore, if an employer

-3-

places plan participants' deferred compensation into a separate trust, the plan remains "unfunded" only if "the employee's interest is unsecured or not otherwise protected from the employer's creditors." *Minor*, 772 F.2d at 1475. The plan at issue includes numerous provisions stating that all employee contributions remain subject to claims by the company's creditors in the event of insolvency. Most specifically, Article 10.6 states that the "vested Account balance of a Participant shall be paid from the Trust only to the extent the Employer is not at the time of payment insolvent."

Despite these provisions, the district court concluded that because ComUnity Lending had terminated the plan, the company had to distribute the funds to Plaintiffs even if it was insolvent. However, if the company can terminate the plan and distribute the funds to participants when it is insolvent, the plan is not "unfunded." The district judge's interpretation of the agreement would allow the company to distribute fund assets to participants at a time when the company is insolvent simply by terminating the plan. Such a plan would not qualify as unfunded because the funds in the plan would not be subject to the claims of creditors in the event of insolvency.

Yet the very provision relied upon by the district court—Article 10.2 governing plan termination—expressly states that the plan is intended to be an

unfunded top hat plan. By including this language in Article 10.2, the plan's drafters explicitly provided that the termination provisions do not supercede the unfunded status of the plan. The district judge's interpretation therefore contravenes the fundamental principle that the plan must be interpreted according to the "clear intent of the parties" as conveyed by the "explicit language of the agreement." *Gilliam*, 488 F.3d at 1194. In accordance with the parties' express intent to create an unfunded top hat plan, Article 10.6's prohibition on distributing fund assets when the company is insolvent must be interpreted to apply even in the event of plan termination.

This interpretation does not conflict with any other provision of the plan. Just because the funds become eligible for distribution, or "payable," upon plan termination does not mean that the employer may actually pay the participants if the company is insolvent at the time of payment. The plan provides that the employer may not distribute the plan's assets to participants if the company is insolvent "at the time of payment." Likewise, although the participants' account balances were fully vested at all times, meaning that the participants had earned the right to be paid the amounts shown on their statements, the funds set aside by the company remained subject to claims by creditors until distributed to the participants. Nor did ComUnity Lending violate the trust agreement, which allows

-5-

the plan's trustee to disburse funds to the company "for the benefit of" the participants. Upon receiving the funds, the company placed them in a segregated account pending further inquiry into its financial condition. It did not misappropriate the funds for its own use.

ComUnity Lending's insolvency remains a question of fact for trial. The Chapter 7 Trustee provided a declaration from ComUnity's Lending's former CFO stating that the company was insolvent at the time of payment. The CFO reviewed the company's books and prepared a statement of assets and liabilities for the period from May to December 2007. That balance statement shows that the company's total liabilities exceeded its estimated liquidity beginning in May 2007. The CFO concluded that "the Company (based upon my analysis) was insolvent as of July 2007, and probably earlier." Plaintiffs are therefore incorrect that the CFO's declaration lacks foundation. Because the company did not terminate the plan and submit the distribution requests until September 2007, there is a genuine issue of material fact regarding its solvency at the time of payment. The district court erred in granting Plaintiffs' motion for summary judgment.

The district court's order granting Plaintiffs' summary judgment is REVERSED, the court's judgment and the order awarding Plaintiffs their attorneys' fees are VACATED, and the case is REMANDED.